UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JEVORRIE JACKSON** | : | **DOCKET NO. 2:19-cv-1192** |
| D.O.C.. # 612947 | | **SECTION P** |
| | | |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| | | |
| **COLONEL ALLEMAND** | : | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is a civil complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Jevorrie Jackson, who is proceeding pro se and in forma pauperis in this matter. Suit was originally filed in the Eastern District of Louisiana on July 15, 2019 [doc. 1] and subsequently transferred to this Court on September 12, 2019 [doc. 5]. Plaintiff was granted leave to proceed in forma pauperis before this Court on November 21, 2019 [doc. 14]. Jackson is an inmate in the custody of the Louisiana Department of Corrections ("LDOC") and is currently incarcerated at the Allen Correctional Center in Kinder, Louisiana ("ACC").

For reasons stated below **IT IS RECOMMENDED** that the complaint be **DENIED** and the matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

**I.**
**BACKGROUND**

Jackson alleges that defendant Colonel Allemand ("Allemend") has spoken to him in such a threatening manner that he fears for his life. Specifically, he recounts that after asking for a transfer in August 2019, Allemand told him that he'd have "70 years before he ship me but until

then I'm his hoe." Doc. 1, p. 3, ¶ 4. He previously filed a grievance in May 2019 against Allemand for using threatening language toward him. *Id*.

Jackson seeks to have Allemand fired and asks for $80,000.00 for the pain and suffering and "mental problems" caused by Allemand. *Id*. At p. 4, ¶ 5.

## II.
## LAW & ANALYSIS

### A. *Frivolity Review*

Jackson has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d 1022, 1025 (5th Cir. 1998) (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of state law, acts to deprive another of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. In order to hold the defendant liable, a plaintiff must allege

facts to show (1) that a constitutional right has been violated and (2) that the conduct complained of was committed by a person acting under color of federal law; that is, that the defendant was a government actor. *See West v. Atkins*, 108 S. Ct. 2250, 2254–55 (1988).

### C. Theories of the Complaint

#### 1. Eighth Amendment

Plaintiff's claims regarding defendant's threatening language fail to raise a federal constitutional claim. A plaintiff can successfully invoke § 1983 only when his federal statutory or constitutional rights have been violated. The Fifth Circuit has held that verbal abuse or harassment by a prison guard does not amount to an Eighth Amendment violation. *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir.1997) (*citing Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993)). The "mere threatening language and gestures of a custodial office[r] do not, even if true, amount to constitutional violations." *Robertson v. Plano City of Texas*, 70 F.3d 21, 24 (5th Cir.1995). *See Bender v. Brumley*, 1 F.3d 271, 274 n. 4 (5th Cir.1993) (holding that claims of verbal abuse and harassment are not actionable under § 1983).

#### 2. Injunctive Relief

In addition to compensatory relief, plaintiff asks this Court to grant injunctive relief in the form of terminating Allemand from his job. The federal courts ordinarily accord great deference to the internal administrative decisions of prison officials. *Royal v. Clark*, 447 F.2d 501, 502 (5th Cir. 1971); *Krist v. Smith,* 439 F.2d 146, 147 (5th Cir. 1971); *Haggerty v. Wainwright*, 427 F.2d 1137, 1138 (5th Cir. 1970). In fact, the Supreme Court has continuously cautioned federal courts not to assume "a greater role in decisions affecting prison administration." *Shaw v. Murphy*, 121 S. Ct. 1475, 1480 (2001). The Court finds that it would be against that precedent and the public's

interest, if not an abuse of judicial resources, to entertain Jackson's request for this relief. *See Ware v. Tanner*, No. 12-2250, 2013 U.S. Dist. LEXIS 146845, at *13 (E.D. La., Oct. 10, 2013).

### III.
#### CONCLUSION

For reasons stated above, **IT IS RECOMMENDED** that this matter be **DISMISSED WITH PREJUDICE** as frivolous and for failing to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file written objections with the Clerk of Court. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days of receipt shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1429–30 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers this 8th day of January, 2020.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE